**Jagtar SINGH, Petitioner,**

v.

**Peter D. KEISLER,\* Acting Attorney General, Respondent.**

**No. 05–74543.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.\*\*

Filed Oct. 1, 2007.

Inna Lipkin, Esq., Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA,

Deborah N. Behles, Esq., DOJ—U.S. Department of Justice, Environmental Enforcement Section, Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM \*\*\*

Jagtar Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We review for substantial evidence, *Singh v. Ilchert,* 63 F.3d 1501, 1506 (9th Cir.1995), and we dismiss in part, grant and remand in part, and deny in part.

We lack jurisdiction to review the IJ's and BIA's determination that Singh's asylum application was untimely, or whether changed circumstances excused the untimely filing, because it is based on disputed facts. *See Ramadan v. Gonzales,* 479 F.3d 646, 650, 656–57 (9th Cir.2007). Accordingly, we dismiss the petition as to Singh's asylum claim.

We have jurisdiction over the remaining claims under 8 U.S.C. § 1252. Because the "BIA's decision is silent on the issue of credibility, despite [the] IJ's explicit adverse credibility finding, we ... presume that the BIA found [Singh] to be credible."

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Krotova v. Gonzales,* 416 F.3d 1080, 1084 (9th Cir.2005).

Substantial evidence does not support the IJ's and BIA's finding that Singh failed to show that the harm he experienced occurred on account of a protected ground, because Singh established that his second and third arrests were motivated, at least in part, by a protected ground. *See Singh,* 63 F.3d at 1509.

Because the IJ's and BIA's past persecution finding is not supported by substantial evidence, *see id.,* and a finding of past persecution gives rise to a presumption of eligibility for withholding of removal, *see Kataria v. INS,* 232 F.3d 1107, 1115 (9th Cir.2000), we grant the petition for review with regard to Singh's claim for withholding of removal, and remand for further proceedings consistent with this disposition. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Because Singh failed to show that it is more likely than not that he will be tortured if removed to India, substantial evidence supports the IJ's and BIA's denial of CAT relief. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir.2006).

**PETITION FOR REVIEW DISMISSED in part, GRANTED and REMANDED in part, and DENIED in part.**

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.